## DOCKET NO. 12-55657

---

## UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

---

JOSEPH PEREZ,
on behalf of himself and others similarly situated,

Plaintiff-Appellant,

v.

SAFELITE GROUP, INC.,

Defendant-Appellee.

On appeal from the United States District Court
for the Central District of California
No. 2:10-CV-08863-RGK-FFM

---

## APPELLEE SAFELITE GROUP, INC.'S
## PETITION FOR PANEL REHEARING AND
## PETITION FOR REHEARING EN BANC

---

ROBERT A. HARRIS
ANDREW C. SMITH
DANIEL J. CLARK
MICHAEL C. GRIFFATON
Vorys, Sater, Seymour and Pease LLP
52 East Gay Street
Columbus, OH  43215
(614) 464-6400 / Fax: (614) 464-6450
E-mail: raharris@vorys.com
E-mail: acsmith@vorys.com
E-mail: djclark@vorys.com
E-mail: mcgriffaton@vorys.com
*Attorneys for Appellee Safelite Group, Inc.*

# **TABLE OF CONTENTS**

Page

I.  INTRODUCTION AND RULE 35 STATEMENT OF COUNSEL.......... 1

II.  ARGUMENT ................................................................................. 3

    A.  Rehearing is warranted because the panel opinion
        misapprehends material facts in its decision ..................................... 3

    B.  Rehearing en banc is warranted because the panel's opinion
        eviscerates Central District of California Local Rule 23-3,
        which the Ninth Circuit has repeatedly upheld ................................ 8

CONCLUSION ..................................................................................... 14

CERTIFICATE OF COMPLIANCE PURSUANT TO CIRCUIT RULES
    35-4 AND 40-1 .................................................................................. 15

CERTIFICATE OF SERVICE............................................................... 16

# TABLE OF AUTHORITIES

<u>Page</u>

## CASES

<u>Archila v. KFC U.S. Props.</u>, 420 Fed. Appx. 667 (9th Cir. 2011); .................... 2, 11

<u>Bias v. Moynihan</u>, 508 F.3d 1212 (9th Cir. 2007) ............................... 2, 9

<u>Christian v. Mattel, Inc.</u>, 286 F.3d 1118 (9th Cir. 2002) .......................... 9

<u>Doninger v. Pacific Northwest Bell, Inc.</u>, 564 F.2d 1304 (9th Cir. 1977) ................................................................................... 4

<u>Dysthe v. Basic Research, L.L.C.</u>, 273 F.R.D. 625 (C.D. Cal. 2011) ...................... 4

<u>Gen. Tel. Co. of the Southwest v. Falcon</u>, 457 U.S. 147 (1982) ............................. 8

<u>Ghazali v. Moran</u>, 46 F.3d 52 (9th Cir. 1995) ......................................... 2, 9

<u>Handler v. Sony Elecs., Inc.</u>, 2010 U.S. App. LEXIS 14440 (9th Cir. 2010) ................................................................................... 2, 11

<u>In re Wells Fargo Home Mortg. Overtime Litig.</u>, 571 F.3d 953 (9th Cir. 2009) ...................................................................... 7

<u>Johnson v. Schwarzenegger</u>, 476 Fed. Appx. 349 (9th Cir. 2012) .................... 2, 11

<u>Kamm v. California City Development Co.</u>, 509 F.2d 205 (9th Cir. 1975)) ................................................................................... 4

<u>Lim v. Citizens Sav. & Loan Ass'n</u>, 430 F. Supp. 802 (N.D. Cal. 1976) ................................................................................... 8

<u>Mantolete v. Bolger</u>, 767 F.2d 1416 (9th Cir. 1985) ................................. 7

<u>Marlo v. United Parcel Serv.</u>, 639 F.3d 942 (9th Cir. 2011) ...................................... 7

<u>Montoya v. Creditors Interchange Receivable Mgmt., LLC</u>, 2011 U.S. Dist. LEXIS 32283 (C.D. Cal. Mar. 16, 2011) ........................... 10

ii

Nguyen v. Philips Electronics North America Corp., Case No. CV 13-2427-JFW (SSx), at 2 (C.D. Cal. May 17, 2013) ................................... 10, 12

Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340 (1978) ....................................... 4

United States v. Hernandez, 251 F.3d 1247 (9th Cir. 2001)................................... 10

Vasquez v. P.F. Chang's China Bistro, Inc., 2009 U.S. Dist. LEXIS 132247 (C.D. Cal. 2009)................................................................................... 5

Vinole v. Countrywide Home Loans, Inc., 571 F.3d 935 (9th Cir. 2009)................................................................................. 2, 4, 7, 9

Wal-Mart Stores, Inc. v. Dukes, 131 S. Ct. 2541 (2011)........................................... 8

Watson v. Schwarzenegger, 347 Fed. Appx. 282 (9th Cir. 2009) ....................... 2, 11

William Jefferson & Co. v. Bd. of Assessment, 482 Fed. Appx. 273 (9th Cir. 2012)................................................................................................ 2, 11

## **RULES**

Central District of California L.R. 23-3 ........................................................... passim

Fed. R. App. P. 32.1 ................................................................................................. 11

Fed. R. Civ. P. 23 ....................................................................................................... 9

Fed. R. Civ. P. 23(a)(3) .............................................................................................. 8

Fed. R. Civ. P. 23(c)(1) .............................................................................................. 9

Fed. R. Civ. P. 26 ....................................................................................................... 3

Fed.R. App. P. 32(a)(7)(B)(iii)................................................................................. 15

Ninth Circuit Rule 36-3 ............................................................................................ 11

Rule 23.......................................................................................................................14

Rule 23(a) ............................................................................................................... 5, 8

Rule 23(b)(3) ........................................................................................................... 6, 8

Rule 23(c)(1)(A) ................................................................................. 9

Rule 32(a)(5) .................................................................................... 15

Rule 32(a)(6) .................................................................................... 15

## I.     INTRODUCTION AND RULE 35 STATEMENT OF COUNSEL

Defendant/Appellee Safelite Group, Inc. respectfully requests panel rehearing because the panel misapprehended material facts in its opinion. The panel's decision remanded the case, finding the District Court abused its discretion in not permitting Plaintiff/Appellant Joseph Perez to conduct precertification discovery. However, the panel overlooked the fact that Plaintiff never *requested* precertification discovery for any class, let alone the class as defined on appeal. Indeed, Plaintiff did not even recast his class definition to its current state until *after* he filed his Motion for Class Certification, which is another important fact that the panel appears to have overlooked.[1]

_____

[1] The Complaint as originally filed sought a class comprised of "all persons who are employed or have been employed, and who have worked as an Associate" for Safelite in the State of California since four (4) years prior to the filing of this action," seeking claims for improperly calculated overtime wages, missed meal and rest breaks, unreimbursed business expenses, inaccurate wage statements, waiting time penalties, and unfair competition. (ER, Vol. III, Pg. 436, 441). This class would have encompassed over 1,200 employees in myriad different jobs. (ER, Vol. III, Pg. 431). Plaintiff in fact filed a timely Motion for Class Certification for this class and these claims. After Defendant filed its Opposition to Plaintiff's Motion, Plaintiff switched course drastically in his Reply by revising his class definition to include only persons employed by Defendant in California as Mobile Pros – a class of only 45 persons, withdrawing his meal and rest break claims, and redefining his overtime claim as a misclassification theory. No Amended Complaint was ever filed.

Further, although the panel decision claims to respect and confirm the validity of the Central District of California's Local Rule 23-3, which requires that class certification motions be filed within 90 days of the action being filed or removed, the decision nonetheless eviscerates that rule and renders it effectively unenforceable.. The panel opinion thus conflicts with Ninth Circuit decisions upholding the validity of Local Rule 23-3 and the District Court's authority to manage its docket and the class certification process within the parameters of the Local Rules. See Bias v. Moynihan, 508 F.3d 1212 (9th Cir. 2007); Ghazali v. Moran, 46 F.3d 52 (9th Cir. 1995); Vinole v. Countrywide Home Loans, Inc., 571 F.3d 935 (9th Cir. 2009); Johnson v. Schwarzenegger, 476 Fed. Appx. 349, 350 (9th Cir. 2012); William Jefferson & Co. v. Bd. of Assessment, 482 Fed. Appx. 273 (9th Cir. 2012); Archila v. KFC U.S. Props., 420 Fed. Appx. 667 (9th Cir. 2011); Handler v. Sony Elecs., Inc., 2010 U.S. App. LEXIS 14440 (9th Cir. 2010); Watson v. Schwarzenegger, 347 Fed. Appx. 282 (9th Cir. 2009).

Accordingly, the Court should grant panel rehearing or rehearing en banc pursuant to Federal Rules of Appellate Procedure 35 and 40.

## II.   ARGUMENT

### A.   Rehearing is warranted because the panel opinion misapprehends material facts in its decision.

In vacating the District Court's decision, the panel's opinion conflicts with the actual facts in the record in three respects. Each of these deviations is material and warrants rehearing.

First, the panel held that "[t]he district court abused its discretion when it failed to grant Plaintiff's requests for precertification discovery…" Opinion, at 2 (Dkt. No. 32-1; attached as Exhibit B). This is incorrect. Plaintiff never requested precertification discovery. The only request Plaintiff ever made was to extend the Central District of California's 90-day deadline for filing a class certification motion. See C.D. Cal. L.R. 23-3.

At the beginning of the case, the parties stipulated to extend that deadline (ER, Vol. III, Pg. 394), but the District Court denied the proposed extension (ER, Vol. III, Pg. 393). Plaintiff then moved to extend the deadline, focusing primarily on attacking the propriety of Local Rule 23-3. (ER, Vol. III, Pg. 355, 357). The Court denied Plaintiff's motion. (ER, Vol. III, Pg. 347-353). At no time did Plaintiff actually move to set the Initial Scheduling Conference (which would have triggered formal discovery under Fed. R. Civ. P. 26 or move for expedited discovery.

3

Second, the panel held that Plaintiff had "met his burden to show that discovery is likely to substantiate the class allegations by showing that [Plaintiff's] experiences are common to those of other employees with the same job title." Opinion, at 2 (Dkt. No. 32-1). This Court has held that "a party seeking class certification is not always entitled to discovery on the class certification issue." Vinole v. Countrywide Home Loans, Inc., 571 F.3d 935, 942 (9th Cir. 2009). Rather, "district courts have broad discretion to control the class certification process, and whether or not discovery will be permitted lies within the sound discretion of the trial court." Id. (internal citations omitted) (citing Kamm v. California City Development Co., 509 F.2d 205, 209 (9th Cir. 1975)); see also Doninger v. Pacific Northwest Bell, Inc., 564 F.2d 1304, 1312 (9th Cir. 1977) (district court did not err in "deny[ing] class certification without allowing [plaintiff]s an opportunity to conduct discovery").

In any event, "[a]t the pre-class certification stage, discovery in a putative class action is generally limited to certification issues: *e.g.*, the number of class members, the existence of common questions, the typicality of claims, and the representative's ability to represent the class." Dysthe v. Basic Research, L.L.C., 273 F.R.D. 625, 628 (C.D. Cal. 2011) (citing Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 359 (1978)).

4

The discovery Plaintiff sought when he filed this case was "contact information (name, address and telephone numbers) for members of the putative class and time and pay records to support his claims for failure to provide meal breaks, failure to provide rest breaks, and failure to pay all wages due and/or overtime." (ER, Vol. II, Pg. 201). None of this information is even relevant to meeting his burden under Rule 23(a) for the claims that Plaintiff ultimately sought to have certified for class treatment (*see* fn. 1, *supra*). (ER, Vol. II, Pg.29-31).

Thus, ultimately, Plaintiff asserted the numerosity requirement was satisfied without further discovery as to who Safelite's employees were, and the District Court found that Plaintiff met this requirement. (ER, Vol. I, Pg. 4). Since the District Court found that Plaintiff had met the commonality and typicality requirements as well (ER, Vol. I, Pg. 5), Plaintiff's claims did not "require the identities of the employees or former employees for purposes of determining whether common questions of law or fact exist, or the sometimes overlapping inquiry of whether the named plaintiff's claims are typical of those held by putative members of the class." See Vasquez v. P.F. Chang's China Bistro, Inc., 2009 U.S. Dist. LEXIS 132247, at *3 (C.D. Cal. 2009). Further, "no argument really is made, nor could it be made, that the discovery has any pertinence to the named plaintiff's ability to fairly and adequately protect the interests of the class." Vasquez, 2009 U.S. Dist. LEXIS 132247, at *4. The District Court found Plaintiff

to be an adequate class representative. (ER, Vol. I, Pg. 5). Finally, the time records would not show whether or not Mobile Pros were engaged in sales, and therefore properly classified as exempt from overtime.

The evidence Plaintiff actually submitted in his motion for class certification consisted of his own "documentation and testimony concerning his employment with Safelite." Opinion, p. 2 (Dkt. No. 32-1). This evidence was nothing more than the fact that Safelite classifies all Mobile Pros as exempt, Plaintiff's declaration, and "Plaintiff's own pay stubs and time records." (ER Vol. I, Pg. 1 n.2). From this evidence the District Court found that "Plaintiff and Defendant agree that Plaintiff performed 7 jobs per day, while other Mobile Pros performed on average 3.6 jobs per day … Also, Plaintiff and Defendant both agree that Plaintiff often worked over 12 hours in a day, when the average Mobile Pro worked less than 8." (ER, Vol. I, Pg. 8). Plaintiff's experiences thus were not similar to those of other Mobile Pros; he was an outlier. Accordingly, the evidence Plaintiff submitted did not show that discovery would likely substantiate that his experience was common to that of the other employees.

Moreover, the District Court properly found that Plaintiff failed to show that common issues predominated over individuals ones, which means he did not establish the requirements of Rule 23(b)(3). (ER, Vol. I, Pg. 6-8). Further discovery would not enable Plaintiff to substantiate whether Mobile Pros as a class

6

were misclassified. Reliance on a common policy of classifying employees as exempt is insufficient as a matter of law for class certification. See Marlo v. United Parcel Serv., 639 F.3d 942, 948 (9th Cir. 2011); In re Wells Fargo Home Mortg. Overtime Litig., 571 F.3d 953, 959 (9th Cir. 2009). In Mantolete v. Bolger, 767 F.2d 1416 (9th Cir. 1985), the Court upheld the district court's decision to deny discovery in a disability discrimination case, noting that "determining the propriety of relief in cases of this nature underscores the importance of case-by-case adjudication." 767 F.2d at 1424.

The same holds true in evaluating whether an employee qualifies for the outside sales exemption. The Court must examine the duties actually performed by each Mobile Pro on an individualized basis and then must compare that work with Safelite's realistic expectations. See Vinole, 571 F.3d at 945. The evidence Plaintiff submitted does not show that his experiences were common to the other Mobile Pros, so the District Court did not abuse its discretion in ruling on the motion without granting an extension so Plaintiff could conduct formal precertification discovery. Further, the evidence Plaintiff sought (identities of other employees and their time records) would not show his experiences were common either.

Third, the panel held that "failing to allow precertification discovery where it is necessary to determine the existence of a class is an abuse of discretion."

7

Opinion, at 2 (Dkt. No. 32-1). In so holding, the panel misconstrued the District Court's opinion, which actually found that Perez *had* established the existence of a class. "This requirement of the existence of a class has occasionally been viewed in the context of the requirement (Fed. R. Civ. P. 23(a)(3)) that the claims or defenses of the representative parties be typical of the claims or defenses of the class." Lim v. Citizens Sav. & Loan Ass'n, 430 F. Supp. 802, 805 (N.D. Cal. 1976). See Wal-Mart Stores, Inc. v. Dukes, 131 S. Ct. 2541, 2552-53 (2011) (quoting Gen. Tel. Co. of the Southwest v. Falcon, 457 U.S. 147, 157 (1982)) (explaining the gap between a claim of discrimination and an unsupported claim of a company policy of discrimination and "the existence of a class of persons who have suffered the same injury as that individual, such that the individual's claim and the class claim will share common questions of law or fact and that the individual's claim will be typical of the class claims."). The District Court held that Plaintiff had already established both commonality and typicality for purposes of Rule 23(a) and, therefore, further precertification discovery is unwarranted. (ER, Vol. I, Pg. 4).

**B.    Rehearing en banc is warranted because the panel's opinion eviscerates Central District of California Local Rule 23-3, which the Ninth Circuit has repeatedly upheld.**

The panel's opinion is internally inconsistent because, while it purports to affirm the validity of Local Rule 23-3, it vacates the District Court's decision

8

applying it. As such, the opinion conflicts with this Court's precedent affirming the validity of Local Rule 23-3 and the long-standing deference afforded the district court in adhering to local rules and in managing its docket.

Traditionally, this Court gives "[b]road deference to a district court's interpretation of its of local rules." Bias v. Moynihan, 508 F.3d 1212, 1223 (9th Cir. 2007). "The district court has considerable latitude in managing the parties' motion practice and enforcing local rules." Christian v. Mattel, Inc., 286 F.3d 1118, 1129 (9th Cir. 2002). "[O]nly in rare cases will [this Court] question the exercise of discretion in connection with the application of local rules." Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam). Similarly, "[d]istrict courts have broad discretion to control the class certification process." Vinole, 571 F.3d at 942. Here, the panel held that "the timing of class certification is committed to the discretion of the district judge." Opinion, p. 3 (Dkt. No. 32-1).

Rule 23 of the Federal Rules of Civil Procedure does not provide a specific time limitation for filing a motion for class certification. Rather, the determination must be made "[a]t an early practicable time." Rule 23(c)(1)(A). Central District Local Rule 23-3 requires that, "[w]ithin 90 days after service of a pleading purporting to commence a class action … the proponent of the class shall file a motion for certification that the action is maintainable as a class action, unless otherwise ordered by the Court." "Local Rule 23-3 and Fed. R. Civ. P. 23(c)(1)

9

share an important purpose. That purpose is to give a clear definition to the parameters of the putative class, to outline the claims involved in the class action and to apprise the defendants of their potential liability as soon as practicable." Nguyen v. Philips Electronics North America Corp., Case No. CV 13-2427-JFW (SSx), at 2 (C.D. Cal. May 17, 2013) (attached as Exhibit A).

The District Court adhered to Rule 23-3 by denying Plaintiff's request to extend the 90-day filing deadline and requiring that the class certification motion be filed within that time. (See ER, Vol. III, Pg. 352-53, 393). Such adherence was a valid exercise of the District Court's authority and was consistent with the discretion committed to it. In fact, "a district court's failure to comply with a local rule may be grounds for reversal if prejudice results." United States v. Hernandez, 251 F.3d 1247, 1251 (9th Cir. 2001) (citation omitted).

Unlike other cases where a plaintiff's case was dismissed for failing to comply with Local Rule 23-3, Plaintiff here actually filed his class certification motion in a timely manner. Compare, e.g., Montoya v. Creditors Interchange Receivable Mgmt., LLC, 2011 U.S. Dist. LEXIS 32283 (C.D. Cal. Mar. 16, 2011) (striking class allegations in plaintiff's complaint for failing to comply with Local Rule 23-3's 90-day time limit). Nevertheless, Plaintiff challenged the propriety of the rule.

10

The panel rejected Plaintiff's arguments and confirmed the validity of the Local Rule: "[Plaintiff's] challenge to Central District of California Local 23-3 is without merit because the timing of class certification is committed to the discretion of the district judge and Rule 23-3 allows extension of the 90-day certification deadline by order of the court." Opinion, at p. 3 (Dkt. No. 32-1). Indeed, plaintiffs routinely have been unsuccessful in attacking the validity or the application of Local Rule 23-3. In a series of unpublished decisions, this Court has upheld a district court's dismissing a class action or striking class allegations when the plaintiffs failed to comply with that rule. See Johnson v. Schwarzenegger, 476 Fed. Appx. 349, 350 (9th Cir. 2012); William Jefferson & Co. v. Bd. of Assessment, 482 Fed. Appx. 273 (9th Cir. 2012); Archila v. KFC U.S. Props., 420 Fed. Appx. 667 (9th Cir. 2011); Handler v. Sony Elecs., Inc., 2010 U.S. App. LEXIS 14440 (9th Cir. 2010); Watson v. Schwarzenegger, 347 Fed. Appx. 282 (9th Cir. 2009).[2] In fact, in Handler, 2010 U.S. App. LEXIS 14440, this Court affirmed a decision by the same district judge here in which the court dismissed a

---

[2] Unpublished decisions issued after January 1, 2007, may be cited but are not precedent. See Fed. R. App. P. 32.1; Ninth Circuit Rule 36-3.

class action because the plaintiff filed his class certification motion outside of Local Rule 23-3.

The panel on the one hand rejects Appellant's challenge to the 90-day rule because "the timing of class certification is committed to the discretion of the district judge." This implies that the District Court properly adhered to this deadline. At the same time, however, the panel finds the District Court abused its discretion by not *extending* the deadline to allow Appellant to conduct discovery concerning the identities and time records of Safelite's employees. This distinction is internally inconsistent. Had Plaintiff simply not filed within the 90 days, the panel would likely have affirmed a dismissal. But because Plaintiff filed a (poorly) supported class certification motion, the panel holds that he is entitled to more time, discovery, and a do-over of his motion. So while the panel did not invalidate the rule itself, its opinion eviscerates the rule's purpose.

The purpose of Local Rule 23-3 "is to give a clear definition to the parameters of the putative class, to outline the claims involved in the class action and to apprise the defendants of their potential liability as soon as practicable." Nguyen, Case No. CV 13-2427-JFW (SSx), at 2. Plaintiff's class certification motion did none of those things.

First, Plaintiff's class certification motion alleged that Safelite failed to properly pay overtime wages because it miscalculated the regular rate of pay,

failed to provide required meal periods, failed to provide required rest breaks, failed to properly reimburse expenses, and failed to provide accurate wage statements under the California Labor Code to a class of approximately 1,200 employee. (ER, Vol. II, Pg. 111; Vol. III, Pg. 437). His overtime claim was based on the alleged failure to factor the commissions earned by class members into their hourly rates of pay. (ER, Vol. II, Pg. 107). In support of his motion, Plaintiff produced his own declaration, pay stubs, and time records. (ER, Vol. II, Pg. 241-43; Vol. III, Pg. 244-334).

Plaintiff then completely changed the scope and focus of his case in his Reply Brief in support of his Motion for Class Certification. He winnowed down the class by 94% from 1,200 employees to just 45 Mobile Pros. He then withdrew his claims for alleged meal period and rest break violations (ER, Vol. II, Pg. 29-30), and sought to certify a class relating only to his claim for failure to correctly pay overtime wages and related derivative claims (Id.). He completely changed the nature of his overtime claim from one based on miscalculating the regular rate to one based on misclassifying Mobile Pros as exempt from overtime as outside salespersons. (ER, Vol. I, Pg. 2, 4; Vol. II, Pg. 30-31). Plaintiff's shifting theories of liability failed to apprise Safelite of the putative class's parameters or claims involved.

13

By requiring discovery in this case, the panel's opinion provides plaintiffs with a perverse incentive to file a motion for class certification containing, as here, only their own "documentation and testimony concerning his employment" and forces the district court to allow discovery rather than dismissing the motion for failing to meet one or more of Rule 23's requirements. Under the panel's opinion, it will now be an abuse of discretion for the court to not grant discovery in this situation. That is clearly at odds with the valid enforcement of Local Rule 23-3, and leaves litigants and the District Court with no clear direction of what is required. Local Rule 23-3 has been rendered meaningless and District Courts will be flooded with facially flawed, half-baked motions for class certification.

## CONCLUSION

For these reasons, the Court should grant rehearing or rehearing en banc review.

Dated:  February 4, 2014                Respectfully submitted,

                                        *s/ Michael C. Griffaton*
                                        *Attorneys for Appellee Safelite Group, Inc.*

14

## CERTIFICATE OF COMPLIANCE
## PURSUANT TO CIRCUIT RULES 35-4 AND 40-1

This Petition complies with the type-volume limitation of Circuit Rules 35-4 and 40-1 because it contains 3,197 words. This Petition complies with the typeface requirements of Rule 32(a)(5) and the type style requirements of Rule 32(a)(6) because it has been prepared in a proportionately spaced font using Microsoft Word 2007 SP3 in 14-point Times New Roman type.

s/ Michael C. Griffaton
Vorys, Sater, Seymour and Pease LLP

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on February 4, 2014.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

s/ Michael C. Griffaton
Vorys, Sater, Seymour and Pease LLP